No. 29,749.

John F. Hess, *Appellant*, v. Walter Burtiss, *Appellee*.

(8 P. 2d 332.)

Opinion filed
March 5, 1932.

*S. A. Gard,* of Iola, for the appellant.

*L. T. Cannon,* of Humboldt, for the appellee.

The opinion of the court was delivered by

Smith, J.: The action was to collect from defendant his proportionate share of a note of plaintiff and defendant, which note plaintiff had been compelled to pay. Judgment was for defendant. Plaintiff appeals.

The facts are simple. In 1920 appellant and appellee went into the business of buying oil and gas leases together. In order to do this they borrowed $558 at a bank and gave their joint note. From time to time the note would be renewed, both parties executing the notes and each paying his share of the interest. This way of doing business continued till 1923, when for some reason not in the record appellee ceased to pay interest and to sign the notes. Appellant was not able to pay the note when it came due from time to time and executed renewal notes till February, 1928, when he paid the amount of the indebtedness in full, which with accumulated interest amounted to over $1,100, appellee's share being $579.30, the amount for which suit was brought. Appellant demanded payment of this amount from appellee, but nothing was done about the matter till December 15, 1929, at which time appellee paid appellant $30 upon the indebtedness and was given credit therefor. The action was started August 30, 1929.

The petition alleged the making of a joint note, the renewal of it from time to time, and finally the payment of the note by appellant. The answer denied any indebtedness to appellant, admitted signing

the note in 1920 and set up the claim that appellee only signed the note as surety for appellant. The answer also pleaded the statute of limitations.

At the trial appellant and one other witness testified to facts about as detailed here. At .the conclusion of the evidence of appellant appellee demurred to the evidence of appellant. This demurrer was sustained. In sustaining the demurrer the court stated that it was sustained "and particularly under chapter 52 R. S. 1923, and under the negotiable instruments law of Kansas." That is the ruling from which this appeal is taken. We have reached the conclusion that the demurrer should have been overruled. The evidence of appellant made out a *prima facie* case of a joint note given to secure a partnership debt. Appellee was liable for his share of this indebtedness of the partnership.

The statute of limitations was pleaded in the answer of appellee, and while it was not given by the trial court as one of the reasons for sustaining the demurrer, it is argued as a defense by counsel for appellee in his brief in this court.

The argument is not good. The payment of the $30 on the indebtedness in December, 1929, revived the debt even if the statute had run on it. (R. S. 60-312.)

The judgment of the district court is reversed.